Good morning. May it please the court. Kayla Gassman for the appellant Laura Ramos-Gonzales. The drug surveillance special condition in this case must be vacated for either of two independent reasons. First, based on the law of the case, or second, because it was an abuse of the district court's discretion. With my time, I will address both issues. First, the law of the case. The law of the case doctrine prevents the district court from revisiting a determination made by this court, whether that determination was made expressly, or by necessary implication. Here, this court has vacated this condition once. On remand, the district court reimposed the condition on the basis of Ms. Ramos' conviction for possession of more than 50 pounds of marijuana. Let me ask you, her sentence was 12 months, right? Yes. So is she out on supervision now? She is out on supervision now. Did she authorize this appeal? She did. Well, I just wondered, because it seems to me that giving an occasional drug test, if it is clear that she never used drugs, is not much of an imposition on her civil or other liberties. So I have two responses to that. First, on the issue of whether Ms. Ramos authorized the appeal, I would point the court towards the sentencing, the resentencing transcript in this case. The district court actually, the resentencing was by phone, and the district court addressed Ms. Ramos specifically and asked her about her objections to the special conditions, and Ms. Ramos specifically described her objection to the drug surveillance special condition and explained that she did not think it applied to her because she had not used drugs in many years. On the burdensomeness of the condition, as is stated in the briefs, this condition is invasive, it's humiliating. It's a urine sample, right? It is a urine sample. It is subject to observed collection, which means that a probation officer watches the supervisee provide the sample. The Supreme Court, in a case called Skinner, I believe from 1989, did hold that a collection of urine for a test is a search under the Fourth Amendment. I understand that, but I'm just saying this is, this doesn't shock my conscience on the face of it. You may persuade me that it's reversible, but it's a pretty small issue. Well, certainly the standard is not the shock subconscience standard. No, I understand. I understand. So, on the law of the case, this court vacated the condition once. Let me ask you about that. If the court had said it's so dissimilar, you don't have discretion to do it, they shouldn't have remanded on that condition. If it truly were the law of the case, it seems to me the panel would have said we vacate that condition, excise that condition, and remand for consideration of the other. But they didn't do that. The court didn't do that, and it seems to me that if you read the body of opinion, the basis for remanding was failure to give reasons. Right. So, three things actually show that when this court vacated, it necessarily decided that this conviction was an insufficient basis for the condition. So, the record of the appeal, this court's order in the prior appeal, and this court's case law concerning when a special condition will be vacated. So, in the prior appeal. Yeah, but a lot of times we just say we excise that or eliminate that and otherwise affirm the sentence, the judgment, imposing the sentence. We didn't do that here. Right. The court did not. The court could have done that. It did not do that here, but it's not necessary that the court have done that. Well, if we, I don't, this is the thing. If we thought that the district court had no authority whatsoever to reimpose that condition, why did we remand? What could the district court have done on remand with respect to that condition? So, the argument is not that the district court had no authority at all to reimpose the condition. The argument is the district court did not have authority to reimpose it on this exact same record. The district court could have heard additional evidence related to the necessity of this condition, could have heard additional evidence if there were any. Did you object on that basis? The objection specifically based on the law of the case wasn't raised to the district court, but the... Well, this is nonsense. I mean, if you thought that there wasn't, if you thought it should be vacated, you should have told the judge there's no basis, you know, if it was just... And, yeah, if you also thought that there was no evidence, you could readily have said that. I mean, this is, again, we've got one of these plain error sort of gotcha type claims on the part of the public defender, and it's getting a little old. So, again, I would direct the court to the resentencing transcript. First of all, obviously, this court's order was available to the district court. This is on plain error review, though, right? So, it's not on plain error review. Well, it is if you didn't object on the law of the case. So, I have a couple of responses to that. So, first, the cases about the law of the case, Corrales, Lee, they state that the standard of review is de novo without analyzing or specifying whether a law of the case objection was made to the district court. But that's a very important objection. Except in a situation like this, the district court is always going to be aware of the court's order and the necessity... No, it's not. Excuse me. You're saying this comes up all the time in these kinds of remands where the issue, when the case comes back to us, is was the court acting within the scope of the remand, which is the same thing as law of the case. So, why doesn't defense counsel say that's not within the scope of the remand? Certainly, I agree that it would have been better, but I would also point the court to cases holding that where plain error might otherwise apply. How does this happen in the public defender's office? Last time I was here, a month ago, and we had at least two cases of plain error from the southern district review and where it would have been pretty obvious and easy for defense counsel to have made the proper objection. So, this resentencing was done by phone. The district court... Well, why did you agree to that? That's what the district court asked us to do. We did not object to that. Why do you agree to that? That's a horrible thing. Well, in situations like this where... I mean, she's out on release, so it's not as if they're transporting her from, you know, hundreds of miles away in the prison. And if the objection is you can't do it on the same record, you're going to have to have an evidence you're hearing. If you'd said that to the judge, you wouldn't have had a telephonic hearing, or at least you would have had evidence over the phone. I'm not sure how that would work. But it seems like there has to be some sort of objection to put the judge on notice that, no, you are not permitted to impose this condition on the existing record. I understand the court's concern. I would just point the court to cases where the court has not applied plain error review when it might otherwise apply if the attorney did not have an adequate opportunity. I mean, can you explain to me how this mistake was made? Well, what happened in this case in the resentencing is the district court addressed Ms. Ramos, asked her to articulate her objections to the conditions, which she did, and then the district court specifically on the drug surveillance condition said, well, you have this marijuana possession conviction, so that conviction is going to stay, or that condition is going to stay, and that's the way that goes. That was prior to the defense attorney ever being an opportunity, ever being given an opportunity to speak at all. So the district court essentially already ruled. What was the objection? The objection then, after that, the district judge and the defense attorney did get into a discussion about the invasiveness of the condition, that it was an invasion of privacy and overly burdensome, and the district court interrupted the defense attorney. They went back and forth about whether the defense attorney was contesting the fact of the conviction, which the attorney did not do, and then the ---- But, again, if the whole point is up here, I mean, one of your two major points is, I mean, the other, the question about invasiveness is a real interesting question, but if you're focusing on law of the case, I mean, you had your chance to make that argument, and I don't care whether you say it's de novo or not. That was so obvious and would have so, may have been, might have been overruled, but at least it was one of the most formidable arguments that you could have made. I hear the court's concern on that, so I think I will take that opportunity to move on to the second issue, which is an independent basis for vacating this condition, which is that it was an abuse of the district court's discretion. That objection was clearly made to the district court. There's no question that the standard of review there is for abuse of discretion. The special condition has to comply with three statutory requirements. It has to be reasonably related to one of the statutory sentencing factors that are relevant to supervised release in 3553A. It cannot be more invasive or cannot impose a greater deprivation of liberty than is necessary, and it has to be consistent with policy statements by the sentencing commission. This condition here violated all three requirements. It's not reasonably related to the sentencing factors because there's no evidence that Ms. Ramos has used drugs more recently than 25 years ago. The district court specifically relied on her 2012 conviction for marijuana possession, but the PSR's description of that offense, which is at page 177 of the record, provides that what occurred was police officers found 44 pounds of marijuana on the property, the house that Ms. Ramos shared with her husband. There's no facts relating to that offense that indicate Ms. Ramos was engaged in any personal use of drugs. The offense, any conclusion that an offense like that necessarily involves use of drugs would be purely speculative. It's, of course, equally plausible that she was involved in this kind of illicit business with her husband. It does not necessarily mean that she was using drugs. And, of course, the amount that was found is presumed to be a trafficking amount, not a personal use amount. The only other evidence relating to drug use is a statement that Ms. Ramos made to the probation officer that she had smoked marijuana as a teenager but had not used drugs in 25 years. There has been no indication that that was not credible or that there was any additional drug use after that time. Without some evidence that she has used drugs in the recent past, the condition is not related to the sentencing factors. What rule governs the defendant's presence at resentencing? What criminal rule? Sorry, Judge, I don't recall. Okay. The condition also violates the second requirement for special conditions because if there's no basis for a special condition, it is inherently more restrictive than necessary to comply with the statutory sentencing requirements. And last, the condition has to be consistent with policy statements by the Sentencing Commission. This one is not. All right. Tell me where was that objection made to the district court? Well, the objection was made that the condition was overly burdensome and an invasion of privacy. See, that is at page 163 to 164. And then the defense attorney also reiterates the objection at page 166 of the record. It is clear that the legal requirements that govern special conditions are these statutory requirements that it has to be. I mean, you have to object and say, point that out to the court, don't you? Again, unless we're on plain error. No one said this is inconsistent with the policy statement, this doesn't meet the statutory factors. If the argument was overly burdensome invasion of privacy, that's a different objection, it seems to me. Even if that's true, it still has the condition. We're on a different standard of review, plain error as opposed to a specific objection. Well, the specific objection is that with an invasion of privacy and overly burdensome, it's still in accordance with the statutory requirements that a condition has to comply with the statutory sentencing factors and cannot deprive more liberty than necessary. Both of those objections fit those statutory requirements. So we are not on plain error review. Well, it seems to me that if you say it's against the policy statement, because the policy statement doesn't talk about that. It says if the court has reason to believe that the defendant is an abuser of narcotics, then consider a special condition. To me, that's not, you don't get there by saying overly burdensome or invasion of privacy. Even if that's true, that is a, that's an alternative argument. We have also made arguments that it has to comply with all, a condition must apply with all three statutory requirements for a condition. That it's related to the factors, that it does not impose a greater deprivation of liberty, and that it's consistent with policy statements. So if it fails either of the first two requirements, it wouldn't even be necessary to address the policy statement. I do want to briefly address the burdensomeness. It is, as I've said, an invasion of privacy. It is a Fourth Amendment search. There's no call to subject an individual to a test like that unless there's some evidence that it's warranted. It is potentially expensive. The probation officer can determine that Ms. Ramos has the ability to pay, and then she would then have to pay for the test. How many tests would she undergo in a three-year period? How many tests under this special condition? Right. We don't know, because the probation officer, it's completely up to the district. Has she had a single one yet? She has. It's not in the record, but she has had two, and she's only been on supervised release for five months, and it is a three-year sentence. Right. And how much was she charged? I don't believe she's had to pay up to now, but the probation officer did determine in her PSR that she might have the ability to pay a fine. And if any of her financial circumstances change during that sentence, the probation officer could require her to pay under this condition. Unless the court has additional questions, I have reserved time for rebuttal. All right. I just have this. Does Judge Jack routine? How is it that we're doing a sentencing of any sort by telephone? It's my understanding that that is somewhat routine. Routine where? Judge Jack requests sometimes that hearings be held by telephone or by video. Well, I know that she's been doing video for a long, long time, but telephone, it seems to me, is a step way below video, and video is a step way below formal appearance, but that's already been approved by this court. But telephone sentencing, I mean, is that because the public defender doesn't want to travel to Corpus Christi? What's the problem? No, absolutely not. The trial attorney, I actually believe that what the record appears to indicate to me is that the resentencing was done by phone, but I believe that the defense attorney appeared in court along with the probation officer, but the defendant was on the phone, and I believe the prosecutor was on the phone. Where was the defendant on the phone from? I believe she was in a halfway house at that time. So basically you're having a conference call. Essentially, yes. Unbelievable. That is very troubling procedurally. I'm very surprised that nobody's raised that, because obviously when you're sitting there in court, if you're going in and preparing for something, an oral hearing before the judge, you've got your little list of things that you want to cover. When you're doing it by telephone, you conceivably have a situation of much greater informality where things tend to get lost and nobody's focusing as well because you're all trying to listen to the device while you're staring around an empty room. I mean, it's just appalling to me as a confrontation matter. Well, the biggest problem I have with this, you can't confer with your counsel if you're the defendant. Right. I understand. Well, you might have had a real interesting argument if you'd brought that up on appeal. All right. Let's move to hear from the government. You've got rebuttal time, and there may be other questions elicited based on the government's argument. So thanks for your opening argument. All right. Ms. Barri, let's hear from the government. May it please the Court, Loretta Barri for the United States. Under plain error review, and in fact under any standard of review, there is no law of the case violation here in this case. This court's order of remand did not compel a specific judgment, did not give any specific language to the district court as to which condition should be deleted or which condition should be kept. It was very generic, consistent with this court's holding in Salazar, where if the record is unclear, the court should vacate and remand for reconsideration of the special conditions. And in this case, as Judge Owen noted, the United States' reason in agreeing to vacate and remand both conditions was for a lack of explanation. But it's important to point out, Your Honors, that the United States did this as a matter of judicial economy. The special condition of the nighttime restriction absolutely needed to be remanded. It was incorrect. And it seemed prudent to give the district court the opportunity, especially under plain error review, to consider for the first time its basis for imposing the drug testing as well, just as a matter of judicial economy to do so. With respect to the liberty— Why didn't the government put on more— If you understood the basis for the remand was to deduce more evidence, why didn't the government come prepared to deduce more evidence and tell the judge we can't have a telephone conference hearing because we need to put on witnesses or we need to offer evidence of some stripe? Well, the basis for the remand was the lack of explanation, and the court was very, very clear at page 163 and 166 of the record that the reason for the imposition of the drug testing was due to the 2012 prior conviction in the record for possession of 50 pounds of marijuana. The evidence was in the record. The court just needed to state it, and that's exactly what the district court did on remand. Is that a conventional—well, fine, but is that a conventional term of supervised release? It is, Your Honor. For every drug dealer? It is, and in this court's holding in Mahanera, that was one of the things this court looked at, to see the underlying offense in Mahanera was trafficking in counterfeit goods, and this court looked to see not only whether there was prior drug use but also whether there was a prior drug-related offense, and that's exactly what we have in this case. Well, I disagree with you respectfully. Mahanera was talking about the standard condition, which deals with drug testing, and then the special condition, and they said we disagree. Special conditions number four and five impose requirements that are distinct from the unchallenged standard conditions, so that's not the same thing. Actually, I believe Mahanera, what the government argued in Mahanera, was that because under 3583D, drug testing is statutorily mandated for all defendants, there didn't need to be any explanation for the special condition for drug testing because they were corollaries of one another, and this court rejected that and said because it's listed as a special condition, the court must give deference to the 3553A factors and explain those, and additionally, because the special condition imposes a fee, that's different, and in this case, it's reasonably related to at least two of the 3553A factors. Under Salazar, only one is necessary, but here we have deterrence, and while the defendant was on supervised release. Well, deterrence, that would be true for every defendant. Well, and particularly in this case, though, Your Honor, because she was on supervised release for a drug-related offense. But you said Congress mandated drug testing in 3583D? Yes, Your Honor. Under what circumstances? It's listed statutorily across the board as a mandated requirement in 3583D. For what kind of offenses? I mean, is it for everybody? Yes, Your Honor. So why is this any different? Well, because it's arisen on the special condition of supervised release because the court imposed it as a special condition. It is a little odd that it appears both as a statutorily mandated condition and as a special condition. Well, the commission's criteria are different from the statutory criteria. It seems to me because the guidelines say you don't do a special condition unless the court has reason to believe that the defendant is an abuser of narcotics or other controlled substances or alcohol. Okay. Well, in answer to that, though, in Mahanira, though, at the first page of that opinion, this court looked to see whether they had a drug abuse problem or whether there was drug-related offenses. That's at the very first page of that opinion. Was she 14 years old when this was 25 years ago? No, I'm talking about this defendant. Oh, this defendant. It was a long time ago. She was 14 years old when she used marijuana. Is that right? Right. That was 25 years ago? That's correct. So you think that comes within she's an abuser of narcotics? No, I don't. What was the 2012 conviction? The 2012 conviction was for possession of 50 pounds of marijuana, Your Honor. I don't, Judge Owen, to answer your question, but I think that under Salazar, it doesn't have to be an exact identical fit with history and characteristics. It can be under any of the related 3553A factors. And as I said, in deterrence, this court can look to see whether she was on supervised release for a drug trafficking offense or a drug possession offense while she committed yet another offense for alien transporting. Therefore, as I stated in the Mahanera case, at the first page of that opinion, the court looked to see whether there was drug use and also whether there were any prior convictions for drug offenses, which is what we have in this case. Well, what I understand 3583D, and, of course, you know, we read these periodically and you just forget what you've read, but the court shall order as an explicit condition of supervised release that the defendant refrain from unlawful use and submit to a drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court, for use of a controlled substance. It may be ameliorated or suspended as provided in 3563A4. So I suppose the probation officer could take this special term and say, well, in light of the facts here, I'm only going to make her do the one 15-day one and, you know, at least two periodic drug tests, right? Are you asking me whether this was an improper delegation? No, I am not asking you whether it is an improper delegation because the delegation says that the probation officer determines the times and the amount, the number of drug tests. The probation officer does do that and also... But what I'm saying is the probation officer, because he has that ability, which I do not regard as an improper delegation, because he can determine that, he could say, well, this looks like a 3583D situation, right? I think that the... So there is a distinction that you're pointing out. The only difference, then, is the terminology, whether you say special condition or explicit condition. I think, though, that in Mahanira, the court stated that the distinction was that under the special condition, the fee had to be paid by the defendant. That was the only distinction that... But, again, that's apparently subject to her ability here. I mean, that's apparently optional here also. Right, absolutely. Absolutely. That's correct. And in terms of a liberty deprivation, Your Honor, there really isn't any because if the defendant is unable to pay financially, she can move to modify the conditions of supervised release, as this court... If the court had just not adopted this as a special condition, she'd have still been subject to 3583D. Absolutely. And, Your Honor, I would not have moved to remand then. Absolutely not, because under Salazar, you can infer that there's support for that under the statutorily mandated condition of supervised release. But the reason I recommended remand in this case is because the case was already going back to the nighttime restriction, and it seemed just prudent to give Judge Jack... The whole thing. Yes, Your Honor, exactly. To give the court her discretion to explain on the record what her basis was. But it doesn't seem to me unless I'm missing something. Undeniably, the district court said she imposed the condition because of the 2012 conviction, not the 25 years of use, although 25 years is in there. She says you have a conviction, 2012, possession of marijuana, 44 pounds. I mean, that's what she says, but that's the basis. The scope of the remand from our court, you say, and that the scope of the remand was because of insufficiency of reasons. And so it goes back down. The district court reiterates, you have a conviction, 2012, et cetera. My point being, there's an argument made and implicit in the scope of the remand was disagreeing that the district court had the authority to impose the surveillance, but the argument made is it was just for reasons. My point in coming into it that way is to say it's still not clear to me that when it went back down, well, it is clear, she got rid of the nighttime provision because of the children, so that we know. All right, while there, the most I see is she reiterates, you get the surveillance because of the 2012 conviction. Now, where I'm headed is I don't see that any of all that you just discussed vis-à-vis part of the reasoning being the provisions of the guidelines, et cetera, et cetera, were in the colloquy that went on as, if you want to say an alternative, a supplementary or other basis for the imposition. She says, and I read it several times, you have a 2012 conviction, you get it. So the question is, if it was going down, you know, while she's got it to clean up all of this thing, it doesn't seem to me that anybody brought to the judge's attention. Alternatively, over here in the guidelines per the rest of it, it's justifiable that way or not. Now, is that a fair statement of what I've read? Absolutely, Your Honor. I think that's absolutely correct. Her order from this court was very general and said the government or this court agrees that the case should be vacated and remanded, and the court did exactly, the district court did exactly what this court ordered. I'm going to state on the record, this is my reason for the imposition. And at that point, it was the federal public defender's obligation to point out to the district court all these iterations that we're discussing here today, because the district court needed to be apprised of the opportunity to respond to those. All right, now let me stop you there. Okay, so we've got it up here again. All right, so putting aside for the moment the arguments about, you know, the invasion of privacy, et cetera, but just on this record, normally, you know, we remand sentencing matters back down. This has already been down. My question is, assuming that the mere existence of the 2012 conviction, though stated, as I can go around by the district court's reason, is either borderline sufficient, eh, close question of whether that possession alone without a nexus to drug use is sufficient for the condition. But if independently, the guidelines, provisions, and the rest of this does support it, is it tenable that if we found arguendo insufficiency based on the 2012 conviction, but independently because in the record there is a nexus causally to the probation piece, et cetera, et cetera, is there a basis to do that as a plenary matter by this panel or would it necessarily entail sending it back down again? Do you follow me? I follow you. All right. I know it was a long-winded way to get you there, but I'm just trying to follow the trail of kind of where we are on a sentencing case. It's been up here once. You know, it's back here again. We're now unpacking stuff that was not unpacked and put inside whose responsibility it was, but it was. And so I'm trying to get to what's the cleanest way. But I just wonder, is that an independent basis on the court's initiative, I mean we take judicial notice of what the law is, et cetera, et cetera, to do it if I had a question about whether mere possession would be enough. You see what I mean? I see what you mean. And I would refer this court then to the fact that it is mandated in the statute, drug testing under 35A. Well, why the hell are we here? This is why I'm irritated with the government. I'll be very frank about it. Why are you here? She's going to get drug testing under the statute. But, no, that's not good enough. You want her tested an indeterminable number of times. Is it really worth the taxpayers' dollars and time, your time, our time, to hear this case because you want X number more drug tests when she has not smoked marijuana since she was 14? I mean, does that really justify all the resources that have been brought to bear on this case, our law clerk's time, all the people's time that's involved? Is that justifiable? Well, I think that it's a statutorily mandated condition. Yes, and you've got that. Now, why isn't that good enough? Well, because the issue that arose under plain error review, Your Honor, was actualization. Why didn't you say let's be done with this? We've got the statute. Justice is going to be served here. Well, I think that we did do that, Your Honor, in our motion of remand. We said that in order to do justice, let's let the district court explain, and that's what we did in our brief. No, no, no, no, no, no. You said let the district court explain. But what the district court explained, you have a 2012 conviction. This is why I'm imposing the condition. So inherent, and I don't mean to cut you off from coming back. No, I'm not upset. But I'm saying she said that, but knowing what you don't, you meaning the United States, if she says conviction, why isn't the government saying, Your Honor, we understand you're doing it based on the conviction. Over here in the statute is X. It's the same point that Judge Jones is raising, we're all raising, presenting the matters to the district court at the time, so the district court can make the cleanest shot of the whole deal. You know, with a plain error over here, but the government's got some responsibility, too. If it's over here, plain as day in the statute here, she was focused on you got a 2012 conviction. I said it before, I'm saying it now. So she satisfied the mandate from us. She gave a reason. But the question is whether the reason given is tenable enough under the case law. But if you're armed with an additional basis to support what she wants to do, that makes it clear that the statute is allowed, why is the government staying mute and not say, Your Honor, the statute is an additional basis, blah, blah, blah. She blesses, and we probably wouldn't be here. I mean, is that fair? That's fair. Yes, that's fair. Judge Owen, I really want to answer your question. Do you mind just rephrasing exactly? Okay. I think it's a total waste of time, of taxpayer dollars, your time, defense counsel's time, the people in your office, the people at my law clerk or whoever's law clerk did the memo in this case, the three judges, we're sitting up here taking at least 40 minutes of time to get how many more drug tests from this woman. She's already going to be drug tested under the statute. Do you really think that's a good use of government resources to be here again on this? I absolutely do not. I do not, and that's why we agreed.  To dismiss the appeal? To send it back and vacate. And ask this court to vacate the supervised condition and move on down the road. Because the reason that we initially said that it needed to be vacated was for the nighttime restriction, so we wanted to give the court an opportunity. And that's gone. So now we're fussing over whether she's going to get statutory drug testing. Now we're fussing over whether she gets additional drug testing. That's all we're doing, isn't it? Yes. Is that really worth all the time for this case? Is it really worth it in this case? Where she has no history of drug use since she was 14. Probably not. But this is, again, the basis for the remand was the lack of explanation, so we had an obligation to let them know. We know how we got here. We know how we got here, but the fact is we're here. So, you know, all of us are trying to. Did you represent the government on remand? Yes. Okay. How long was that hearing? The remand hearing was about, oh, it was very short. I would say it was only six pages of transcript, so six or seven. It was very short. Okay. And were you in your office in Houston? Oh, I'm sorry, Your Honor. No, I meant did I brief the appeal on the remand? No, I wasn't the trial attorney. No, I didn't. I wasn't involved in that. I apologize. No, I was not. But it's still just six or seven pages of transcript. Yes. Yes. And do you agree that the defender was present in the courtroom and the defendant was telephoned and the judge was telephoned and where was the prosecutor? I don't know. I assume on the telephone as well. I don't believe that is a very good course of action. I think that . . . And do you recall what is the rule that governs the defendants being present in sentencing? I tried to look. I believe it's in the Weatherton case. I tried to look. Yeah, well . . . Quickly, but . . . Sorry, I can't . . . I'm sorry. I thought it was 35. This number escapes me. I thought it was 35, but I don't think that's right. Is it 20-something? I don't know. Assume arguendo while you're looking it up. Assume arguendo. The invasiveness, et cetera. Oh, I'm sorry. Oh, well, you know, you're on my time now. But assume arguendo, counsel opposes arguments about it being unduly invasive, et cetera, et cetera. It doesn't have traction with us. We're left with, okay, sort of where are we now? All right. Is it tenable . . . I'm not saying we would, but if the panel, rather than getting into all that other . . . Acknowledge that the district court gave reasons, i.e., the 2012 conviction, but found that insufficient in light of the other factors, but independently the district court's determination is governed by the statutory provision, and so we vacate what's in front of us and remand with direction to implement the sentence in accordance with the statute. Do you follow what I'm saying? I follow what you're saying. I suppose that could be done, of course, whatever the court decides. However, it just seems that just as a matter of judicial efficiency that that . . . Well, I mean, we've already determined it's not judicially efficient for all the reasons Judge Owen asked you and everybody else. So I'm saying, I'm trying to strip past the policy who didn't do what and a whole shmeal and deal with one defendant's case. Here, rather than is this a matter we're going to write an exegesis on, you know, when you can't, when you can't, and on a case that's already been up here, when it's admittedly, if he's in, I'm saying if she were to win on her argument, it's unduly invasive and all that, that's a whole other deal. What I'm trying to say is if it's indisputable, and we'll see when she comes back up here, that the statutory provisions allow for the drug testing, et cetera, and she can't get around that, then it just . . . but a panel to vacate the condition given by the district court in that sense, or merely send it back down again? I think that would be really inconsistent with the court's remand order, Your Honor. What remand order? This court's remand order to the district court. That's already done. Right, but to address all of the arguments that we're raising here today about the policy and all of these things wasn't fully vetted before the district court. Yes, I understand it, and nothing in my question said anything about any of that. All I raised with you is you, meaning the government, knew then that the trial court was focusing on the 2012 conviction. You said that, and I agree with you. The scope of our remand was she didn't give reasons. I'm 100 percent. I don't think implicitly our panel disavowed the imposition of deterrence. I think it was about reasons. Okay, and so if that's true, and I'm just speaking as one person, if that's true, if there is an alternative basis to me coming back to something Judge Ong said, if it's all about her testing and all that, what difference does it make if the basis of her doing the testing is based on the trial court saying it was the 2012 when there's a statute over here that makes her do it anyway? I don't understand, Sotomayor Judge Ong, why you're pounding, not literally, the table over the efficacy of what the district court did if the end sum is that the woman has to drug test. Well, I think that's something she ought to have to do or not, but I follow statute. That's what I'm asking you. You see what I'm saying? I do. I agree. Yes, I believe that the alternative basis exists for affirmance on that. Because there's no way the district court can say the statute doesn't say it. Correct, but that wouldn't. You're saying alternative basis for affirmance, which is leaving the special condition in place. Yes. But linked to the statute and not the 2012 conviction. But linked to the statute. Right. That's all I was asking. Yes. Well, if it's linked to the statute, the special condition is different from the statute. Not really. I think as a practical matter, Your Honor, it's not, but again, in this court's holding in Mahanera, the court did say that there was a distinction. That's an unpublished decision. No, it is, Your Honor. Absolutely. Well, I mean, as I said, the whole point of oral argument, the benefit of it, is to get our questions asked. We read what's down there, but to get the questions asked. And so we've sort of vented both ways in terms of non-objection, it's plain error or not. And then on the government side, when the government shows up on the white horse, it's like if you know other stuff, the trial judge is riveted here. And so we're going to ultimately get to a point, how do we dispose of this case? And it just hasn't struck me as wanting to be right at Tomei about all this other stuff, particularly if there's a statutory provision that sort of cuts that. So while we had you here, we asked. But, I mean, I think we've got your argument and your position, and I'm not in any way representing that that's what we're going to do. But while you were standing there, I just wanted to know what the government's position would be about it. We may do something totally different. And I don't mean to represent anything other than getting it out in the open to find out from the government, you know, what its view is on it, okay? But I would say helpfully to me, you know, once upon a time I represented the government and I always found it a duty, you know, sort of help the court out and to remind the court of things that, you know, the judge may not be paying attention to and not just, you know, over here, just like they ought to make an objection. And we don't end up with dealing with something that if it's pointed out to the judge, they cure it and deal with it. That's all. If this issue arises again, I will definitely, even if it doesn't arise again, I will apprise the trial attorneys that they need to point that out to the district court judge. All right. Thank you. Appreciate your arguments. All right. We're back to you, Ms. Berry. Just a couple of points. First, the special condition in this case does include requirements that are distinct from the statutorily mandated standard condition. The most obvious difference is the number of tests. By statute, there are three tests during supervised release. That's the maximum that can be imposed. They are set by the court. Under the special condition, the probation officer can set however many tests the probation officer determines should be set. The condition doesn't specify any criteria for determining when or how many tests there should be. And certainly on three years of supervised release, she could be subject to an indeterminate number of tests. Each test, if there's no justification for additional testing, each test is an additional invasion of her privacy, potentially an additional cost that she simply should not be subject to if there's no reason for extra testing. Assuming you lose on the invasion of privacy piece, then where are you? I mean, assume we're unpersuaded. We understand the argument, but assume we're unpersuaded that it's an undue invasion of privacy, et cetera, et cetera. How does that shift, or what does it do with the rest of what you're arguing? My argument would still be that even if the court disagrees it's an invasion of privacy, it still violates the other statutory requirements for special conditions, including that a special condition be consistent with the policy statement, even if the court determines that that particular argument would be subject to plain error review. I would point the court to Mahanera, where the court actually vacated a condition similar to this on plain error review, because there was no evidence in the record supporting the need for a drug treatment. In that case, it was treatment and testing. Here it's drug testing, but vacated a similar condition because there was no evidence in the record that supported the need for the condition. I do also want to address some of the questions that came up about the remedy. The remedy that we have asked for is vacate and remand specifically for the very limited purpose of correcting the judgment to strike the special condition. That, I think, is the most efficient resolution of this case. That's ridiculous. We often say we vacate the condition affirmed otherwise, or words to that effect. The cases that are cited in the briefs, I believe the majority of them actually vacated for resentencing similar to this case. We've happened to research this before, and they go both ways. I think we could do what we want to do. Certainly, there are cases that go both ways. There was a case I called Fernandez cited in the briefs where the court did vacate for the purpose of correcting the judgment to strike the condition. I think that would be appropriate here. My position is I don't see the purpose of an additional remand, but I would prefer that, obviously, to affirmance, because there's no justification for this individual to be subject to additional tests. Every test I think she is subjected to is an additional invasion that is unwarranted, an additional condition that's inconsistent with the policy statements and the statutes that govern special conditions. I believe the point about the statutory mandated conditions actually would support simply striking the special condition. The 2012 conviction is not a sufficient basis for the special condition. There's no need for extra tests. She will be subject to the statutorily mandated tests. We don't dispute that, but there's no cause to subject her to additional tests. Correcting the judgment or just simply striking the special condition would leave the statutorily mandated testing in place and simply remove the requirement that she be subject to additional tests and that she potentially have to pay for additional tests. If the court has no further questions, I will cede the brief remainder of my time and ask the court to strike this condition. Thank you. All right. Thank you, both sides. All right. We'll call up the third case for the morning.